**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CALVIN J. CALVIN, <br><br>       Petitioner-Appellant, <br><br> v. <br><br> ORANGE COUNTY SHERIFF DEPARTMENT; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, <br><br>       Respondents-Appellees. | No. 15-55430 <br><br> D.C. No. 8:13-cv-01393-GHK-CW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Submitted October 25, 2016[**]

Before: LEAVY, GRABER, and CHRISTEN, Circuit Judges.

Calvin J. Calvin, an inmate at Orange County Jail, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010) (dismissal under Fed. R. Civ. P. 12(b)(6)); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A). We affirm.

The district court properly dismissed Calvin's deliberate indifference claim because Calvin failed to allege facts sufficient to show that defendants knew of and disregarded an excessive risk to his health. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to the prisoner's health; negligence and a mere difference in medical opinion are insufficient to establish deliberate indifference).

To the extent Calvin sought relief under the Americans with Disabilities Act ("ADA"), the district court properly dismissed this claim because Calvin failed to allege that he was qualified to participate in the state-run fire camp program, and was excluded or otherwise discriminated against because of his disability. *See O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007) (elements of ADA claim).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on

appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**